Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER ACKERMAN, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGETOWN NATURAL FOODS LLC, a foreign corporation,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>Prayer: $1,000,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Christopher Ackerman, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon in the Portland Division. The Plaintiff, Christopher Ackerman, lives in Multnomah County, Oregon.

2.

Defendant Bridgetown Natural Foods, LLC (herein, "Bridgetown") is a corporation that

does regular, sustained business activity in Portland, Oregon.

3.

Plaintiff exhausted his administrative remedies through the Oregon Bureau of Labor and Industries ("BOLI") and received a right-to-sue letter on April 10, 2023. BOLI determined that there was substantial evidence to believe that Bridgetown had engaged in multiple unlawful acts of employment discrimination and retaliation.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

5.

Plaintiff has lived with two significant disabilities for much of his adult life: hearing loss and urticaria.

6.

On January 9, 2020, Bridgetown employed Plaintiff as a Mixer Operator. At all times relevant to this Complaint, Plaintiff worked at least 25 hours per week in the 180 days preceding the need for protected leave and was considered an eligible employee under federal Family and Medical Leave Act (FMLA) and the Oregon Family Leave Act (OFLA).

7.

Plaintiff's hearing loss is a disability as defined by the Americans with Disabilities Act (ADA) and the Oregon ADA.

8.

Plaintiff's disability made it difficult for him to hear instruction from supervisors at work. Plaintiff diligently informed Bridgetown about his disability upon hire and continued to remind Bridgetown about his disability throughout his employment.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

9.

During the COVID-19 pandemic, Plaintiff's disability was exacerbated by the mask requirement because he could no longer read lips, which caused him serious distress and difficulty. Plaintiff notified Bridgetown's Senior HR Generalist, Sara Spring, about his disability and filed an internal complaint against his supervisor for insisting, wrongly and abusively, that Plaintiff could hear him.

10.

In addition. Plaintiff also suffers from a chronic allergy-related condition (urticaria) that causes him frequently to break out in hives. The hives are sometimes severe, cause profound anxiety, and could potentially cut off his airway if left untreated.

11.

The urticaria is exacerbated by stress and excessive heat, which were factors during Plaintiff's employment in 2021.

12.

Bridgetown was fully aware of Plaintiff's physical limitations throughout Plaintiff's employment.

13.

Given Plaintiff's struggles, on March 21 2021, he requested intermittent medical leave under FMLA and OFLA to address his serious medical condition, which was approved by Bridgetown on March 30, 2021. The medical certification form submitted by Plaintiff's physician referenced both the hearing impairment and the allergy-related condition.

14.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Plaintiff filed complaints with OSHA and BOLI in June 2021 regarding unsafe work conditions, as well as discrimination by his direct supervisor on the basis of his disability.

15.

Plaintiff exercised his right to use OFLA/FMLA time periodically, when needed. But on September 29, 2021, Bridgetown issued Plaintiff a written disciplinary warning for a "no-call no-show" violation, which was signed by his supervisor on October 19, 2021. Plaintiff noted on the form that the absence bad been cleared by HR. Moreover, Bridgetown's FMLA/OFLA tracking system and attendance spreadsheet indicated that the absence was covered by FMLA, and a doctor's note had been received.

16.

Though Plaintiff was not issued any attendance points, the disciplinary warning was not removed from his personnel file and Bridgetown improperly used it in its position statement to BOLI as an example of Plaintiff's purported violation of its attendance policy.

17.

On October 19, 2021, HR Generalist Spring notified Plaintiff's physician that, in their view, Plaintiff had exhausted OFLA leave and requested additional information as part of the interactive process to clarify whether Plaintiff needed a reasonable accommodation to perform the essential functions of his job.

18.

The letter from Spring identified the possibility of transferring Plaintiff to other positions if he could not perform the essential functions of the Machine Operator position.

19.

Plaintiff's doctor indicated in response to Spring's inquiry that Plaintiff would need continued intermittent leave as an accommodation for his medical condition, whenever he experienced a urticaria flare. The doctor indicated the symptoms take one or two days to resolve, and that they were currently trying to treat and control the symptoms. On October 26, 2021, the clinic faxed the completed interactive process questionnaire to Spring.

20.

On or about October 29, 2021, Plaintiff sustained an on--the-job injury and filed a Workers' Compensation claim that was deemed compensable. Accordingly, Plaintiff was off work due to the occupational injury for twelve days between November 2 - 29, 2021, and was subsequently released with modified work restrictions on November 30, 2021.

21.

On or about November 15, 2021, Plaintiff informed Spring he had been notified by his ear surgeon that surgery to repair bones in his ear had been scheduled for November 30, 2021, and that he would need a two-week medical leave of absence for recovery.

22.

Spring raised no concerns regarding Plaintiff's surgery and required time-off. Plaintiff explicitly asked Spring if there was any additional paperwork he needed to submit before the surgery, and she said no. Plaintiff reasonably assumed the extended leave was approved as a reasonable accommodation for his disability.

23.

On November 29, 2021, less than twenty-four hours before the scheduled surgery, Spring, for the first time, notified Plaintiff by telephone that he was out of OFLA leave. Plaintiff explained that due to the surgeon's policy, it was too late to reschedule the surgery.

24.

Spring informed Plaintiff that if he followed through with the surgery and missed work, his employment would be terminated. Due to the pandemic, Plaintiff had been waiting for several months to schedule the surgery and had already paid the surgeon a $1,200 down payment, which would be forfeited if he canceled the appointment

25.

Given the immediacy and necessity of the surgery, Plaintiff had no choice but to miss work, and on November 30, 2021, he underwent surgery.

26.

On December 3, 2021, Bridgetown terminated Plaintiff's employment for allegedly violating its attendance policy for failing to report or call in to work from November 30 through December 2, 2021.

27.

Bridgetown violated the law by failing to accommodate Plaintiff's disabilities and by retaliating against him for taking medical leave and for having disabilities. Substantial evidence shows that Bridgetown unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because he invoked the protections of OFLA and the ADA, by subjecting him to disciplinary action, denying him reasonable accommodations and unlawfully terminating his employment because he invoked the protections of the Workers' Compensation Act, and the ADA.

28.

The temporal proximity between Plaintiff's on-the job injury and removal from work; his modified work release on November 30, 2021; and the adverse employment action on December 3, 2021, after requesting additional medical leave under the ADA, is close enough in time to

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

establish a causal connection between Plaintiff's invocation of the Workers' Compensation Act, the ADA and his termination.

29.

Plaintiff's termination was based upon his protected absences, and request for additional leave.

30.

Because of the Defendants' unlawful termination of Plaintiff and retaliation against Plaintiff on multiple fronts, Plaintiff has suffered significant economic loss and severe emotional distress. He has also lost his health insurance coverage, delaying surgery on his second ear to repair damage and to restore his hearing and causing significant physical discomfort and mental distress.

31.
**FIRST CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of the Americans with Disabilities Act of 1990,**
**Pub. L. 101-336. 26 July 1990. 104 Stat. 328)**

32.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

33.

Plaintiff is a member of a protected class on the basis of his disabilities, which are chronic and serious medical conditions that have an effect on one or more major life activities.

34.

The Defendant could have reasonably accommodated the Plaintiff's disabilities, but refused to do so by choice.

35.

Instead of finding reasonable accommodation or set of accommodations to address Plaintiff's disabilities, the Defendant engaged in a series of adverse employment actions

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's disability Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

36.

Defendant also retaliated unlawfully against Plaintiff when Plaintiff asked for a reasonable accommodation.

37.

As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $1,000, 000.00 and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and seeks attorney's fees.

38.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of ORS 659A.112)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

39.

Plaintiff is a member of a protected class on the basis of his disabilities, which are chronic and serious medical conditions that have an effect on one or more major life activities.

40.

The Defendant could have reasonably accommodated the Plaintiff's disabilities, including the short period of recovery required by his surgery, but refused to do so by choice.

41.

Instead of finding reasonable accommodation or set of accommodations to address Plaintiff's disabilities, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's disability Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

42.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Defendant also retaliated unlawfully against Plaintiff when Plaintiff asked for a reasonable accommodation.

43.

As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $1,000, 000.00 and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and seeks attorney's fees.

44.

**THIRD CLAIM FOR RELIEF**
**(Unlawful Retaliation Under the Family Medical Leave Act (FMLA), 29 USC §2601 et seq)**

45.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

46.

Plaintiff is an individual and also was an "eligible employee," within the meaning of the FMLA, at all times relevant to this Complaint.

47.

Defendant was an "employer," within the meaning of the FMLA, at all times relevant to this Complaint.

48.

Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant herein.

49.

The FMLA provides employees with the right to be reinstated to the same or an equivalent position after taking protected leave and to be protected from retaliation for taking leave.

50.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

The Defendant violated the FMLA by counting FMLA-protected leave days as absences on his  employment record and refusing to reinstate Plaintiff to his prior position or to an equivalent position with substantially similar work and compensation upon Plaintiff's return to work, and instead terminating Plaintiff.

51.

Defendant interfered with, restrained, and/or denied Plaintiff's exercise of his rights under the FMLA by unlawfully counting FLMA time as unexcused absences and refusing his attempt to be reinstated to his full time position or a reasonably equivalent full time position.

52.

As a consequence of the unlawful actions, Plaintiff is entitled to statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii); additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii); equitable relief in the form of reinstatement or front pay, as the Court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B); attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Unlawful Retaliation Under the Oregon Family Leave Act (OFLA), 659A.150 to 659A.186)**

53.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

54.

Plaintiff is an individual and also was an "eligible employee," within the meaning of the OFLA, at all times relevant to this Complaint.

55.

Defendant was an "employer," within the meaning of the OFLA, at all times relevant to

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

this Complaint.

56.

OFLA provides employees with the right to be reinstated to the same or an equivalent position after taking protected leave and to be protected from retaliation for taking leave.

57.

The Defendant violated the OFLA by counting OFLA-protected leave days as absences on his employment record and refusing to reinstate Plaintiff to his prior position or to an equivalent position with substantially similar work and compensation upon Plaintiff's return to work, and instead terminating Plaintiff.

58.

Defendant interfered with, restrained, and/or denied Plaintiff's exercise of his rights under the FMLA by unlawfully counting FLMA time as unexcused absences and refusing his attempt to be reinstated to his full time position or a reasonably equivalent full time position.

59.

As a consequence of the unlawful actions, Plaintiff is entitled to statutory damages for lost wages, benefits, and other compensation, including attorney's fees, expert witness fees, and costs of this action, and any such other relief as this Court may deem just and proper.

60.

## FIFTH CLAIM FOR RELIEF
### (Unlawful Retaliation)

61.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

62.

Defendant unlawfully retaliated against Plaintiff for asserting his rights under the Worker's Compensation Act and for filing a complaint with OSHA.

63.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

This unlawful retaliation was in addition to retaliation against Plaintiff for asserting his rights as a person with disabilities and entitled to medical leave under FMLA and OFLA.

64.

As a consequence of the Defendant's unlawful actions, Plaintiff is entitled to damages for lost wages, benefits, and other compensation, including attorney's fees, expert witness fees, and costs of this action, and any such other relief as this Court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $1,000,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 10th day of July, 2023.


JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff